THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALFRED HARROW, Defendant.

City Magistrate's Court of New York, Borough of Queens, Municipal Term, January 6, 1948.

*James F. Linskey* for plaintiff.

*Alfred Harrow,* defendant in person.

THOMPSON, M. The defendant is charged with unlawfully operating an aircraft within 1,000 feet of Rockaway Beach, of the county of Queens, in that he did tow a pilotless balloon from a motorboat for the purpose of advertising, all in violation of section 436-4.1 of the Administrative Code of the City of New York. There is no issue of fact to be determined. The sole question is whether a captive, or fixed balloon, or one which is not free, is included within the generic term " aircraft " as used in the statute. (See General Business Law, § 240; Air Commerce Act of 1926, § 9, subd. c [U. S. Code, tit. 49, § 179, subd. c].) An examination of the statutes hereinabove referred to, which are incorporated by reference into the Administrative

Code (§ 436–4.1), reveals that the term " aircraft " is defined as " \* \* \* any contrivance, now or hereafter invented, for avigation of or flight in the air, except a parachute or other contrivance designed for use, and carried primarily for safety equipment."

The instant balloon is a " contrivance " which is buoyant in air and it certainly may be held to be in flight even at the time when it is captured, or fixed, to a vessel or motorboat. The defendant herein operates the motorboat, the balloon trails up behind the boat. And, as such, the balloon did fly in a true sense. The defendant herein navigated the boat and as such may be held to be the one who navigated the balloon. He, the pilot of the boat, became the pilot of the balloon. The control was remote but direct. The flight of the balloon depended in every way, and in every instance, upon the direction of the boat and upon the action of the defendant and upon nobody else. Subdivision 12 of section 245 of the General Business Law makes specific provision with reference to aircraft upon water. Therein it is provided that seaplanes on water shall navigate according to the laws and regulations of the United States Government for navigation of watercraft. While it is true that this defendant operated a motorboat and as such was bound by the laws and regulations governing the navigation of watercraft, it may also be substantially argued that any craft buoyant in air, or supported by any principle of aerodynamics, may be regulated by all laws which have reference to the operation of aircraft. The complete and valid sustenance of such a principle is found in the Civil Air Regulations amendments to which were adopted on the 28th of August, 1947, and made effective on the 28th of September, 1947. Those regulations specifically cover the operation of moored balloons and, if the regulations were adopted for the purpose of regulating fixed, or moored balloons, it may reasonably be established that such balloons are in fact aircraft. Certainly the application of any of these regulations, or any of these laws, to an industry which is as dynamic as the aircraft industry, must in all cases depend upon the reasonableness of the regulating authority. It is here held in this particular case that it is within the great interest of the public safety for a regulating authority to demand of this defendant and any person in a similar business, that his business be operated in a manner which is safe from the standpoint of the public, which has every right to use the public beaches.

Motion to dismiss on behalf of the defendant is denied and the defendant is found guilty as charged and fined $25, or in the alternative to serve five days in the city prison.